No. 1770.
Second Circuit Appeal.

## JAMES A. ROSS v. MRS. L. H. BARTLEY.

(Feb. 20, 1925, Opinion and Decree.)

(*Syllabus by the Editor.*)

1. Louisiana Digest—Evidence—Par. 58, 59.
Where a special defense that she signed the notes at the instance and on the request of the plaintiff, the burden of proof of this defense is on the defendant.

2. Louisiana Digest—Estoppel—Par. 22, 24, 26.
Defendant is not estopped from denying that an auto was bought for James A. Ross Insurance Agency, a third party, merely because she stored the car in the name of James A. Ross Insurance Agency.

Appeal from the First Judicial District Court of Louisiana, Parish of Caddo. Hon E. P. Mills, Judge.

Action to recover $755.25, interest and attorney's fees, on fifteen promissory notes. Defendant admits signing said notes, but alleges that she signed same as an accommodation maker for plaintiff, and pleads equitable estoppel.

There was judgment in favor of plaintiff for the amount sued for, and defendant appealed.

Judgment affirmed.

Crain, Jackson & Johnson, of Shreveport, attorneys for plaintiffs, appellees.

Winkinson, Lewis & Wilkinson, of Shreveport, attorneys for defendant, appellant.

## OPINION.

REYNOLDS, J. This is a suit on fifteen promissory notes for $50.35 each held by plaintiff, and under the plain letter of the law as to negotiable instruments plaintiff, as holder of said notes, is entitled to judgment, unless defendant can establish some special defense.

Defendant sets up as a special defense that she signed the notes at the instance and request of the plaintiff, and she swears to this fact most positively. But plaintiff swears just as positively to the contrary. The evidence on this point is quite voluminous, but we think it would serve no useful purpose to review same in this decision.

The district judge who heard the testimony decided for the plaintiff, and the Court of Appeal affirmed that decision but later granted a rehearing.

After reading all the evidence carefully, we are of the opinion that the testimony of the one is equal to the testimony of the other; and the burden of proof being on the defendant, who sets up a special defense, the case is with the plaintiff.

Defendant argued with great force that plaintiff is estopped from denying that the automobile was bought for the James A. Ross Insurance Agency by reason of the fact that the agent of that agency who checked defendant out allowed her to turn over the automobile as the property of the James A. Ross Insurance Agency.

This act we do not think can serve as an estoppel for defendant, for the act of having the car stored as the property of the James A Ross Insurance Agency was really the act of the defendant herself in regard to a transaction between the defendant and the James A. Ross Insurance Agency; and this agency is not a party to this suit and it is impossible for this court under the evidence in the case to decide the respective rights of the plaintiff and defendant insofar as the agency is concerned.

The fact of storing the car as the property of the James A. Ross Insurance Agency on the direction of the defendant did not in any way cause her to change her position relative to the purchase of the automobile. It might have reflected some

light as to how plaintiff and defendant regarded the original purchase of the automobile if it had been a transaction between defendant and Mr. Ross in person. But it could not under any condition constitute an estoppel, for defendant was not thereby caused to change her position to her detriment.

For the reasons assigned, the judgment appealed from is affirmed at defendant's costs.